## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____    )
    )
PHILLIPS MUSHROOM FARMS L.P.    )
P.O. Box 190    )
1011 Kaolin Road    )
Kennett Square, PA  19348-0190    )
    )
        Plaintiff,    )
    )
    v.    )
    )
COLORADO MUSHROOM FARM, LLC    )
c/o Registered Agent Baljit S. Nanda    )
10719 Road 5 South    )
Alamosa, CO 81101    )
    )
    and    )
    )
BALJIT S. NANDA    )
10719 Road 5 South    )
Alamosa, CO 81101    )
    )
    Individually and in    )
    his corporate capacity    )
    )
    Defendants.    )

## COMPLAINT

Plaintiff Phillips Mushroom Farms L.P. ("Plaintiff") brings this civil action against Colorado

Mushroom Farm, LLC ("Colorado Mushroom") and Baljit S. Nanda (collectively, "Defendants"), for

damages and equitable relief and alleges as follows:

## I. JURISDICTION

1.      Federal question jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, specifically 7 U.S.C. §499(e)(b)(2) and 7 U.S.C. §499e(c)(5)(i). This Court is also vested with ancillary and/or pendent jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's related state based claims.

## II. VENUE

2.      Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the sales transactions which are the subject of this action occurred within this district and in that the Defendants are domiciled in this district.

## III. PARTIES

3.      Plaintiff is a Pennsylvania limited partnership based in Kennett Square, Pennsylvania (Chester County) engaged in the business of selling wholesale quantities of fresh vegetables nationwide. At all times relevant herein, Plaintiff held federal produce license number 20030811 from the U.S. Department of Agriculture/PACA Branch in good and active standing.

4.      Defendant Colorado Mushroom is a Colorado limited liability company with its principal place of business in Alamosa, Colorado (Alamosa County). Colorado Mushroom was, at all times relevant herein, acting as a dealer and commission merchant of wholesale quantities of perishable agricultural commodities in Pennsylvania and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, *et seq.*, ("PACA"). At all times relevant herein, Colorado Mushroom held federal produce license number 20150067 from the U.S. Department of Agriculture/PACA Branch in good and active standing.

5.      Individual Defendant Baljit S. Nanda ("Individual Defendant) is or was an owner, officer, director, and/or at least 10% shareholder of Colorado Mushroom during the relevant time

period, making him "responsibly connected" under PACA.  This Individual Defendant is or was a person in control of, and responsible for, the day to day operations of Colorado Mushroom and the disposition of Colorado Mushroom' assets, including its PACA trust assets.  Individual Defendant is charged with a continuing statutory fiduciary duty to Plaintiff to ensure full payment promptly as mandated by the PACA.

## IV.  CLAIMS FOR RELIEF

## COUNT I

## DEFENDANT  COLORADO MUSHROOM

### (Failure to Maintain PACA Trust)

6.      Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

7.      At Colorado Mushroom's request, Plaintiff sold, on credit, one (1) shipment of perishable agricultural commodities to Colorado Mushroom, as set forth in the following table:

| Plaintiff | Dates of Transactions | Commodities | Total Amount Sold | Amount[1] Unpaid |
|---|---|---|---|---|
| Phillips Mushroom | May 25, 2017 | Fresh Mushrooms | $42,000.00 | $21,000.00 |

8.      Plaintiff duly delivered the perishable agricultural commodities to Colorado Mushroom.

9.      Colorado Mushroom received and accepted the perishable agricultural commodities from Plaintiff.

10.      Pursuant to the payment terms between the parties, Colorado Mushroom is in default with respect to the principal payment of $21,000.00 outstanding to Plaintiff.

---

[1] Plus accruing interest at 1½% per month and attorneys' fees and costs.

11.     Pursuant to the trust provisions of PACA, 7 U.S.C. §499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of Plaintiff as to all commodities received, all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment is made for said commodities by Colorado Mushroom to Plaintiff.

12.     Colorado Mushroom has failed and refused to pay for the commodities it ordered, received and accepted from Plaintiff, despite due demand.

13.     On each of the outstanding invoices sent by Plaintiff to Colorado Mushroom, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by a licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust.  [7 U.S.C. §499e(c)(4)], plus interest and attorneys' fees.  (*See*, unpaid invoice and shipping document attached hereto and incorporated herein as Exhibit A.)

14.     Plaintiff is an unpaid creditor, supplier and seller of perishable agricultural commodities as those terms are defined under the PACA.

15.     Colorado Mushroom has dissipated the corpus of the statutory trust which arose in favor of Plaintiff and grew upon each delivery of perishable agricultural commodities.

16.     The failure of Colorado Mushroom to hold in trust for the benefit of Plaintiff such perishable agricultural commodities received by it from Plaintiff, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment of the sums owing to Plaintiff for said commodities, constitute violations of PACA and PACA Regulations and are unlawful, and, as a direct result Plaintiff has suffered damages.

## COUNT II

## ALL DEFENDANTS

### (Dissipation of Trust Assets)

17.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

18.     Upon information and belief, proceeds obtained from the resale of the perishable agricultural commodities purchased on credit from Plaintiff that were needed to make full payment promptly to trust beneficiaries as required by 7 U.S.C. §499b, were improperly expended by Colorado Mushroom and the Individual Defendant for other purposes.

19.     On each of the outstanding invoices sent by Plaintiff to Colorado Mushroom and the Individual Defendant, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by a licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust. [7 U.S.C. §499e(c)(4)], plus interest and attorneys' fees.  (*See*, Exhibit A attached hereto.)

20.     Upon information and belief, Colorado Mushroom and the Individual Defendant received funds subject to the trust arising under 7 U.S.C. §499e(c), which should have been used to pay Plaintiff's outstanding invoices, but were not.

21.     As a direct result of the dissipation of trust assets by Colorado Mushroom and the Individual Defendant, Plaintiff has suffered damages.

## COUNT III

## DEFENDANT  COLORADO MUSHROOM

### (Failure to Account and Pay For Produce - 7 U.S.C. §499(b)) (Unfair Conduct)

22.      Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

23.      Colorado Mushroom has failed and refused without reasonable cause to account and make full payment promptly of $21,000.00 to Plaintiff, which sum is unpaid and overdue to Plaintiff for the perishable agricultural commodities ordered, received and accepted from Plaintiff.

24.      The failure and refusal of Colorado Mushroom to account and make said payments to Plaintiff for the commodities transactions is a violation of PACA [7 U.S.C. §499(b)] and PACA Regulations, constitutes Unfair Conduct, is unlawful, and, as a direct result, Plaintiff has suffered damages.

## COUNT IV

## ALL DEFENDANTS

### (Breach of Fiduciary Duty / Non-Dischargeability) [11 U.S.C. §523(a)]

25.      Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

26.      Upon information and belief, on May 25, 2017, the Individual Defendant managed, controlled and directed the credit purchase of perishable agricultural commodities from Plaintiff.

27.      Upon information and belief, Colorado Mushroom and the Individual Defendant received, in the regular course of business, funds subject to the PACA statutory trust which should have been used for the payment of Plaintiff's outstanding invoices, but were not.

28.     Upon information and belief, Colorado Mushroom and the Individual Defendant, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to Plaintiff as required by PACA, 7 U.S.C. §499b(4), thereby heightening liability herein to a state of non-dischargeability pursuant to 11 U.S.C. §523(a).

29.     As a direct result of the foregoing, Colorado Mushroom and the Individual Defendant have violated their fiduciary duties as trustees in failing and refusing to make the payments required to satisfy the priority trust interests of Plaintiff, and, as a direct result, Plaintiff has suffered damages.

## COUNT V

## DEFENDANT  COLORADO MUSHROOM

**(Breach of Contract for Unpaid Invoices / Action on Account)**

30.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

31.     On May 25, 2017, Colorado Mushroom contracted with Plaintiff to purchase fresh produce on credit.  Plaintiff faithfully performed all aspects of the contract.  Colorado Mushroom received and accepted all the produce.

32.     Plaintiff properly and timely invoiced each sales transaction, and pursuant to the payment terms between the parties, Colorado Mushroom is in default to Plaintiff on all amounts unpaid and outstanding.

33.     Colorado Mushroom breached the contract by failing and refusing to pay Plaintiff the principal sum of $21,000.00 despite due demand.  As a direct result of non-payment, Plaintiff has suffered damages, including interest and attorneys' fees.

7

## COUNT VI

## ALL DEFENDANTS

### (Interest and Attorneys' Fees)

34.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

35.     Pursuant to PACA, 7 U.S.C. §499e(c), and the Regulations promulgated thereunder, Colorado Mushroom and the Individual Defendant were statutorily required to maintain a trust in favor of Plaintiff in order to make full payment to Plaintiff of said amount.

36.     As a result of the failure of Colorado Mushroom and the Individual Defendant to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trust *res*.

37.     As a result of the failure of Colorado Mushroom and the Individual Defendant to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

38.     Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorneys' fees, and litigation costs, and also suffer the loss of interest on the outstanding amounts owed, all because of violations by Colorado Mushroom and the Individual Defendant of their statutory duties to maintain the trust and make full payment promptly.

39.     In addition to the above recitals, Plaintiff maintains express claims for interest and attorneys' fees based upon the terms of sale listed on each invoice, as between merchants, which were bargained terms of the sales contract and are sums owing in connection with the produce transaction pursuant to 7 U.S.C. §499(e)(c)2.

**WHEREFORE**, Plaintiff Phillips Mushroom Farms L.P. respectfully prays that this Court issue an Order:

a.　　granting non-dischargeable judgment in favor of Plaintiff and against Defendants Colorado Mushroom Farm, LLC and Baljit S. Nanda, jointly and severally, in the principal amount of $21,000.00, together with pre- and post-judgment interest at the parties' contractual rate and the costs of this action;

b.　　declaring and directing all Defendants to establish and/or preserve a trust fund consisting of funds sufficient to pay Plaintiff's principal trust claim of $21,000.00 plus attorneys' fees;

c.　　enjoining, until the entry of the relief herein requested and compliance therewith, all Defendants and their agents, employees and representatives from in any way, directly or indirectly, transferring, assigning or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;

d.　　declaring and directing all Defendants to assign, transfer, deliver and turn over to Plaintiff as much of the above-described trust fund as is necessary to fully compensate Plaintiff for the damages it has suffered and continues to suffer; and

e.　　granting Plaintiff reasonable costs and expenses, including attorneys' fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

Dated: September 15, 2017           Respectfully submitted,

*/s/ Mark A. Amendola*
MARK A. AMENDOLA
  O.H. Bar I.D. No. 0042645
  Admitted to the District of Colorado
MARTYN AND ASSOCIATES
820 W. Superior Avenue, Tenth Floor
Cleveland, Ohio  44113
Telephone: (216) 861-4700
Facsimile: (216) 861-4703
Email: mamendola@martynlawfirm.com

Attorneys for Plaintiff Phillips Mushroom Farms
L.P.